IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| AARON SCOTT HERVEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-3020-JWL |
| | ) | |
| LAURA HOWARD, Secretary, | ) | |
| Kansas Department of Aging and | ) | |
| Disability Sevices (KDADS); and | ) | |
| DR. MARIE JEAN-JACQUES, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff, who is civilly committed to the Kansas Sexual Predator Treatment Program (SPTP), acting *pro se*, instituted this action against the Secretary of the Kansas Department of Aging and Disability Services (KDADS) and a physician, in which he alleges that he was harmed by unnecessary medical procedures and in which he seeks monetary damages.   On February 4, 2025, the Court issued an order in which it noted that plaintiff had failed either to pay the applicable filing fee or to file a motion to proceed without prepayment of that fee; and in which it stated that if plaintiff did not pay the fee or file such a motion by March 6, 2025, the action may be dismissed without prejudice and without further notice.  On March 25, 2025, the Court, having received no response to the prior order, dismissed the case, and judgment was entered against plaintiff.

On March 26, 2025, the Court received by mail from plaintiff an "Affidavit Accompanying Motion for Permission to Appeal in Forma Pauperis," although the

affidavit was not in fact accompanied by a motion. The affidavit was dated March 14, 2025, and the envelope in which it was received bore a postmark dated March 22, 2025; thus, the affidavit, as a response to the Court's prior order, was untimely.

Nevertheless, the Court will vacate the judgment and reopen the case. It liberally construes the affidavit (Doc. # 5) to be a motion to proceed *in forma pauperis*, or without payment of the filing fee, in this Court (and not on appeal, as no appeal has been filed); and it hereby grants the motion.[1]

The Court then considers the claim asserted by plaintiff in the complaint. First, it appears from the face of the complaint that this Court lacks jurisdiction over this action. Plaintiff alleges that he and the defendants are citizens of Kansas; thus, there is no diversity jurisdiction here under 28 U.S.C. § 1332. Nor does plaintiff properly state a claim under the United States Constitution or any federal law; thus, there is no federal question jurisdiction here under 28 U.S.C. § 1331. In his form complaint, plaintiff has checked a box indicating that the case "arises because of violation of the civil or equal rights, privileges, or immunities" of United States citizens pursuant to 28 U.S.C. § 1343. He has also conclusorily alleged violations of the Fourth, Fifth, and Fourteenth Amendments to the Constitution. He has not, however, pleaded any facts to support a constitutional violation or explained how those amendments may apply here, and thus he has not properly alleged that he has been deprived of any particular federal right. *See* 28 U.S.C. § 1343(a)(3)

---

[1] Although plaintiff indicated in the affidavit that he has had no recent income, he left blank the question asking for the amount of cash that he has. Nevertheless, the Court grants the motion based on the statement, attached to the affidavit, showing less than one dollar in his resident trust fund account.

(providing jurisdiction over an action to redress a deprivation, under color of State law, of any right, privilege, or immunity secured by the United States Constitution or federal law). Plaintiff has instead alleged only that the physician defendant and contracted physicians performed unnecessary medical procedures on him that caused him injury. Such facts would support a medical malpractice claim under state law, but plaintiff has not alleged any facts to support a constitutional violation.

Accordingly, plaintiff must show cause, in a written filing, why this case should not be dismissed for lack of federal jurisdiction. If plaintiff cannot explain how his complaint may be amended to assert a claim over which this Court may exercise jurisdiction, the case will be dismissed. Such dismissal would be without prejudice, so that plaintiff could file the action instead in the appropriate state court.[2]

Second, KDADS, a Kansas state agency, and its secretary are immune from suits for money damages. *See Thayer v. Howard*, 2024 WL 1513514, at *5 (D. Kan. Apr. 8, 2024). Thus, plaintiff may not maintain this action against defendant Secretary. In any response to this order, plaintiff must show cause why any proper federal claim may be maintained against that defendant.

---

[2] The Court considers issues of its jurisdiction *sua sponte*. *See Davis v. Kobach*, 2023 WL 847137, at *3 (D. Kan. June 6, 2023) (Lungstrum, J.); *see also* 28 U.S.C. § 1915(e)(2) (notwithstanding the payment of any filing fee, court may dismiss a case that fails to state a claim); *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991) (court may dismiss *sua sponte* when it is obvious plaintiff cannot prevail on the facts alleged and amendment would be futile).

IT IS THEREFORE ORDERED BY THE COURT THAT the judgment in this case is hereby vacated.

IT IS FURTHER ORDERED BY THE COURT THAT plaintiff's motion to proceed without payment of the filing fee (Doc. # 5) is hereby **granted**.

IT IS FURTHER ORDERED BY THE COURT THAT plaintiff is required to show cause on or before **April 28, 2025**, why this action should not be dismissed for lack of jurisdiction.

IT IS SO ORDERED.

Dated this 28th day of March, 2025, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge